**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIN LEAH CANNING,

                        Plaintiff,

    - v -                                      Civ. No. 1:15-CV-1214
                                                        (DNH/DJS)

CHIEF GREG VEITCH; TRISH BUSH; DISTRICT
ATTORNEY OF SARATOGA; CLERK ONE OF THE DISTRICT
ATTORNEYS OFFICE; STATE POLICE SR. INVESTIGATOR
MAYBAUM; STATE POLICE SR. INVESTIGATOR ASSISTANT
SUPERINTENDENT GEORGE BEACH II; BETHLEHEM
POLICE COMMANDER HORNICK; ASSISTANT DEPUTY
SUPERINTENDENT UNIFORM FORCE; SARATOGA OFFICERS
INVOLVED IN ARREST AND PROCESSING; MASSACHUSETTS
POLICE NORTHEASTERN UNIVERSITY OFFICER
KAVANAUGH,

                        Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

ERIN LEAH CANNING
Plaintiff, *Pro se*
P.O. Box 284
Saratoga Springs, NY 12866

**DANIEL J. STEWART**
**UNITED STATES MAGISTRATE JUDGE**

**REPORT RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff

Erin Leah Canning, who resides in Saratoga Springs. Dkt. No. 1, Compl. Plaintiff has

not paid the filing fee, but has submitted a Motion to Proceed *In Forma Pauperis*

("IFP"), which was granted by separate Order. Dkt. Nos. 2, IFP App, & 4, Order.

The *pro se* Complaint filed in this case, which marks the third civil Complaint filed by this Plaintiff in this District,[1] is extremely difficult to understand. It asserts federal statutory violations for which there is no private right of action, and generally is devoid of the salient facts that would allow this Court or anyone else to decipher who did what to whom. After liberally construing the Complaint, it appears to the Court that the chief allegation is that the Plaintiff was wrongfully arrested, and as such I liberally construe this action as having been brought pursuant to 42 U.S.C. §1983, in order to vindicate Plaintiff's constitutional rights.

## I. DISCUSSION

### A. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint

---

[1] Ms. Canning filed two previous actions in this Court which were consolidated: *Canning v. Hofmann, et al.*, Civ.No. 1:15-CV-493 (DNH/DJS) (Lead Case) and *Canning v. Canning*, Civ. No. 1:15-CV-895 (DNH/DJS) (Member Case).

before permitting him to proceed with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is

entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks, citation, and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

In light of Plaintiff's *pro se* status, the Court has examined the Complaint carefully to determine whether a basis exists for this Court's exercise of jurisdiction over her claims. However, the Court is not able to discern either a factual or legal basis for this action. The portion of the Complaint under the heading "Errors, Abuses and Criminality - Overall Abstract in General Terms" sets forth only vague and conclusory allegations, none of which are directed against a single named Defendant. The civil rights statute at issue, 42 U.S.C. § 1983, "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, __ U.S. __, 132 S.Ct. 1657, 1661 (2012) (quoting 42 U.S.C. § 1983). The Complaint fails to include enough facts regarding the circumstances surrounding the incident to allow this Court to assess whether Plaintiff's rights were violated in any way. Indeed,

Plaintiff's statement of facts amounts to nothing more than a legal conclusion that her rights were violated, and is unsupported by any facts.

In particular, the *pro se* Complaint in an eight-page section entitled "Basis for Jurisdicition" makes reference to numerous jurisdictional pegs, some of which are proper and some of which are clearly deficient. The purported claims under the Due Process Clause, the Equal Protection Clause, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, if properly pled, are certainly redressable under 42 U.S.C. § 1983. However, claims under 18 USC §§ 1505, 1506, 1512, 1513 and 1514 are improper, as those statutes create no private right of action that can be enforced by Ms. Canning. *See Hamilton v. Reed*, 29 F. App'x 202 (6th Cir. 2002). As noted by the Second Circuit, where the statutes themselves provide for a remedy, the courts are "especially reluctant to imply a private right of action[.]" *Salahuddin v. Alaji*, 232 F.3d 305, 308 (2d Cir. 2000) (citation omitted).

Deleting reference to the above federal statutes, and reading the Complaint in a generous fashion, it appears that three sets of contentions remain. First, that the Plaintiff petitioned the Governor to provide for more education and training to the police and that the response from various officials has been corrupt and harassing. Compl. at pp. 11-12. Second, that the police have failed to protect her and have failed to conduct an investigation in a competent and proper fashion. *Id.* at pp. 2-3 & 10-12. Finally, it

-5-

appears that the Plaintiff alleges that she was falsely arrested and has been damaged thereby. *Id.* at p. 12.

While the Court recognizes that Plaintiff is proceeding *pro se* and that this requires the Court to treat her pleading with a certain degree of liberality, I find that the Complaint is nevertheless wholly insufficient to state any plausible claim for relief or to allow a defendant to make a reasonable response. In general terms, the police have no constitutional duty to provide protective services. *DeShaney v. Winnebago County Dep't of Social Services*, 489 US 189 (1989). In addition, an imperfect investigation, without more, does not give rise to a constitutional violation. *Freidman v. New York City Admin. for Children's Servs.*, 502 F. App'x 23 (2d Cir. 2012) (citing *Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999)). While a false arrest claim is certainly recognized, the present Complaint does not indicate if the Plaintiff was actually arrested by the police, and if so, which police officers were involved and from what department. *Compare* Compl. at p. 1 ("I am being victimized by false information created by police staff and personnel") *with* Compl. at p. 12 ("The false arrest could ruin my career. . . ."). The Complaint makes reference to, or identifies in the caption, the State Police; the City of Saratoga Springs Police Department; the Bethlehem Department; as well as an officer from Northeastern University in Boston, Massachusetts, but again does not provide any detail as to who did what.

Under these circumstances, the Court concludes that the Complaint as drafted fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557). Thus, I recommend dismissal of this action.

Alternatively, in light of her *pro se* status, the Court recommends that prior to outright dismissal of this action, Plaintiff should be afforded the opportunity to file an amended complaint if she desires to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the

date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**. Any amended complaint submitted by plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the plaintiff and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, she should specifically make reference to such laws.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. However, in light of her *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend her Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 16, 2014
	Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge