**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIN LEAH CANNING,

         Plaintiff,

  - v -              Civ. No. 1:15-CV-1214
                   (DNH/DJS)

CHIEF GREG VEITCH; TRISH BUSH; DISTRICT
ATTORNEY OF SARATOGA; CLERK ONE OF THE DISTRICT
ATTORNEYS OFFICE; STATE POLICE SR. INVESTIGATOR
MAYBAUM; STATE POLICE SR. INVESTIGATOR ASSISTANT
SUPERINTENDENT GEORGE BEACH II; BETHLEHEM
POLICE COMMANDER HORNICK; ASSISTANT DEPUTY
SUPERINTENDENT UNIFORM FORCE; SARATOGA OFFICERS
INVOLVED IN ARREST AND PROCESSING; MASSACHUSETTS
POLICE NORTHEASTERN UNIVERSITY OFFICER
KAVANAUGH,

         Defendants.

**APPEARANCES:**          **OF COUNSEL:**

ERIN LEAH CANNING
Plaintiff, *Pro se*
P.O. Box 284
Saratoga Springs, NY 12866

**DANIEL J. STEWART**
**UNITED STATES MAGISTRATE JUDGE**

## SUPPLEMENTAL REPORT-RECOMMENDATION and ORDER

### I. DISCUSSION

*Pro se* plaintiff Erin Leah Canning filed the instant action with the Court on October 7, 2015. Dkt. No. 1. At that time she requested permission to proceed *in forma*

*pauperis* ("IFP"). Dkt. No. 2. On October 15, 2015, this Court issued an Order granting IFP status. Dkt. No. 4. The next day the Court issued a Report-Recommendation to the District Court recommending that the Court dismiss the *pro se* action for failure to state a claim, but, prior to outright dismissal, grant Plaintiff Erin Canning the opportunity to amend her Complaint. Dkt. No. 5.

Prior to the *pro se* Plaintiff having been served with this Court's Report-Recommendation, she filed an Amended Complaint and a second request for IFP status. Dkts. No. 6&7. The second motion to proceed IFP is **denied** as moot, in light of this Court's previous granting of that request.

With regard to the Amended Complaint, while it is a significant improvement from the first pleading with regard to the identity of the parties being sued, it still suffers the same deficiencies as the first Complaint in its factual content. The Amended Complaint deletes all reference to the New York State Police; the Bethlehem Police; and the Northeastern University Officer. *Compare* Dkt. No. 1 *with* Dkt. No. 6. The Amended Complaint is therefore limited to the City of Saratoga Police Chief; eleven City of Saratoga Police Officers; the District Attorney for the County of Saratoga and her secretary; and the Mayor and Assistant Mayor of the City of Saratoga. Dkt. No. 6 at pp. 1-2.

The remaining twenty-seven pages of the Amended Complaint, however, contain

only quotes from various federal criminal statutes which, as noted in the original Report-Recommendation and Order, do not create a private right of action, or consist of repetitious and wholly conclusory allegations that are insufficient to state a claim.

For example, in the paragraphs of the Amended Complaint denoted "Counts" the Plaintiff repeats the same allegation against Mayor Epson; Assistant Mayor Ogden; and District Attorney Karen Heggen:

> Taking me hostage in a false arrest and calling me the harasser despite me being the victim of the crimes and harassments and white collar indentity[sic] fraud by the defendants group.

Dkt. No. 6, pp. 24, 25, & 26.[1]

As noted in the original Report-Recommendation, the claim of false arrest of the Plaintiff by a state actor would be cognizable under 42 U.S.C. § 1983. However, neither the Complaint nor the Amended Complaint provides any factual details regarding this purported false arrest, in particular: when it occurred; who effectuated the arrest; what criminal charges were brought; or what other basis for the detention was claimed.

Based upon the foregoing, and based upon the reasoning detailed in the October 16, 2014 Report-Recommendation and Order, which is incorporated herein by reference, it is recommended that the Amended Complaint, which supersedes the original Complaint, also be dismissed. However, it is recommended that the *pro se* Plaintiff be

---

[1] Interestingly, no claim for false arrest is made in the Amended Complaint against any of the police officers or the police chief. Indeed, none of the eleven police officers are mentioned by name anywhere in the body of the Amended Complaint.

permitted to file a second amended complaint. While Ms. Canning has filed one amended pleading already, she did not have the benefit of the guidance contained in the initial Report-Recommendation, which had not yet been served upon her. That guidance is repeated again:

Any such second amended complaint, **which shall supersede and replace in its entirety the previous Complaint and Amended Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's second amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's second amended complaint shall also assert claims against each and

every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single second amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**. Any second amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, she should specifically make reference to such laws.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's second Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 7) is **denied as moot**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Amended Complaint should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. However,

in light of her *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to file a Second Amended Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Supplemental Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 26, 2014
　　　Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge